1  EDWARD O. LEAR, State Bar No. 132699
   RIZZA D. GONZALES, State Bar No. 268118
2  **CENTURY LAW GROUP LLP**
   5200 W. Century Blvd. #345
3  Los Angeles, CA 90045
   Phone (310) 642-6900
4  Fax (310) 642-6910

5  Attorney for Plaintiff
   ANNA STOWE

FILED

2011 MAY 18 P 2:50

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA SAN JOSE

*Paid $*

E-filing

ADR

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANNA STOWE, an individual,

Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANSUNION
LLC; EQUIFAX INFORMATION
SERVICES, L.L.C.; LA CURACAO;
and TOPAZ FINANCIAL SERVICE

Defendants.

Case No.: **CV11-02428**

HRL

**COMPLAINT FOR VIOLATIONS
OF FAIR CREDIT REPORTING
ACT (15 U.S.C. § 1681)**

1. **FAILURE TO ESTABLISH
   PROPER PROCEDURES (15
   U.S.C. § 1681e)**
2. **FAILURE TO BLOCK
   IDENTITY THEFT INFO (15
   U.S.C. § 1681e)**
3. **FAILURE TO NOTIFY
   FURNISHERS OF IDENTITY
   THEFT INFO (15 U.S.C. §
   1681c-2)**
4. **FAILURE TO
   REINVESTIGATE (15 U.S.C. §
   1681i)**
5. **FAILURE TO PREVENT
   REFURNISHING IDENTITY
   THEFT INFO (15 U.S.C. §
   1681s-2)**

1

COMPLAINT

COMES NOW the Plaintiff, Anna Stowe, (hereafter "Plaintiff") by counsel, and for her complaint against Defendants, alleges as follows:

## JURISDICTION AND VENUE

1.  This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act).

## PARTIES

2.  The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

3.  The Plaintiff is a natural person and resident of California. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4.  Upon information and belief, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereafter "Experian") is a corporation incorporated under the laws of the State of Texas authorized to do business under the laws of the State of California through its registered offices at 475 Anton Boulevard, Costa Mesa California 92626.

5.  Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

6.  Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7.  Upon information and belief, Defendant EQUIFAX INFORMATION SERVICES, L.L.C. (hereafter "Equifax") is a corporation incorporated under the laws of the State of Georgia authorized to do business under the laws of the State of California through its registered offices at 1550 Peachtree Street, Northwest,

COMPLAINT

1 | Atlanta, Georgia 30309.

2 |     8.    Upon information and belief, Equifax is a "consumer reporting
3 | agency", as defined in 15 U.S.C. § 1681a(f). Upon information and belief,
4 | Experian is regularly engaged in the business of assembling, evaluating, and
5 | disbursing information concerning consumers for the purpose of furnishing
6 | consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

7 |     9.    Upon information and belief, Equifax disburses such consumer reports
8 | to third parties under contract for monetary compensation.

9 |     10.    Upon information and belief, Defendant TRANSUNION, L.L.C.
10 | (hereafter "TransUnion" and collectively, with Equifax and Experian, the "Credit
11 | Reporting Agencies" or "CRA's") is a business entity organized under the laws of
12 | Delaware authorized to do business under the laws of the State of California
13 | through its registered offices at 1510 Chester Pike, Crum Lynne, PA 19022.

14 |     11.    Upon information and belief, TransUnion is a "consumer reporting
15 | agency", as defined in 15 U.S.C. § 1681a(f). Upon information and belief,
16 | Experian is regularly engaged in the business of assembling, evaluating, and
17 | disbursing information concerning consumers for the purpose of furnishing
18 | consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

19 |     12.    Upon information and belief, Defendant LA CURACAO (hereafter
20 | "LA Curacao") is a business entity organized under the laws of California
21 | authorized to do business under the laws of the State of California through its
22 | registered offices at 1605 West Olympic Boulevard, Suite 600, Los Angeles,
23 | California 90015.

24 |     13.    Upon information and belief, LA Curacao is a "furnishers of
25 | information to consumer reporting agencies" as applied in 15 U.S.C. § 1681s-2.
26 | Upon information and belief, LA Curacao is a creditor who holds a debt that
27 | resulted from the theft of Plaintiff's identity as described below.

28 |     14.    Upon information and belief, Defendant TOPAZ FINANCIAL

3

COMPLAINT

SERVICE (hereafter "Topaz" and collectively with LA Curacao the "Information Providers") is a business entity organized under the laws of the State of California authorized to do business under the laws of the State of California through its registered offices at 15 St. Francis Boulevard, Daly City, California 94015.

15. Upon information and belief, Topaz is a "furnishers of information to consumer reporting agencies" as applied in 15 U.S.C. § 1681s-2. Upon information and belief, Topaz is a creditor who holds a debt that resulted from the theft of Plaintiff's identity as described below.

## ALLEGATIONS COMMON TO ALL CLAIMS

### *Plaintiff's Identity Theft*

16. On or about September 13, 2010, Plaintiff discovered that she had been the victim of numerous instances of identity theft. Her credit reports compiled and reported to creditors by Defendant Credit Reporting Agencies contained numerous negative items associated with a "Ana Jimenez" or "Ana Delrocio Gamarra", thirty-eight (38) years old, of Florida. Plaintiff does not reside in Florida and has resided in Santa Clara County California for more than twenty (20) years.

17. Plaintiff has informed the Credit Reporting Agencies of the identity theft and requested that fraud alerts be placed in her credit reports.

18. On or about October 6, 2010, Plaintiff filed an identity theft police report, Report No. 10-1992, ("Identity Theft Report") with Officer Kimball Stanley of the Los Gatos / Monte Sereno Police Department. A copy of the Identity Theft Report is attached hereto as Exhibit A.

19. Thereafter, Plaintiff provided the CRA's with proof of her identity, a copy of the Identity Theft Report, identification of the fraudulent information, and a statement that the information does not relate to any transaction by Plaintiff.

20. On information and belief, the CRA's failed to provide notice to the Information Providers that the fraudulent information may be a result of identity theft; that an identity theft report has been filed; that a block has been requested

4

1    under this section; and of the effective dates of the block.

2        21.   Alternatively, the CRA's provided notice to the Information Providers

3    that the fraudulent information may be a result of identity theft; that an identity theft

4    report has been filed; that a block has been requested under this section; and of the

5    effective dates of the block.  Thereafter, the Information Providers failed to conduct

6    an investigation with respect to the disputed information; review all relevant

7    information provided by the consumer reporting agency pursuant to section 1681i

8    (a)(2); report the results of the investigation to the consumer reporting agency; if the

9    information is incomplete or inaccurate, report those results to all other consumer

10   reporting agencies to which the person furnished the information and that compile

11   and maintain files on consumers on a nationwide basis; and in cases inaccurate,

12   incomplete, or unverifiable information, promptly modify, delete, or permanently

13   block the reporting of that item of information.

## FIRST CLAIM FOR RELIEF

### (Failure to Establish Proper Procedures – 15 U.S.C. § 1681e)

16       22.   Plaintiff realleges and incorporates paragraphs 1 through 21 above as if

17   fully set forth herein.

18       23.   Defendants CRA's violated 15 U.S.C. § 1681e(b) by failing to

19   establish or to follow reasonable procedures to assure maximum possible accuracy

20   in the preparation of the credit report and credit files it published and maintains

21   concerning Plaintiff.

22       24.   As a result of this conduct, action and inaction of Defendants CRA's,

23   Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit

24   from credit, the mental and emotional pain and anguish and the humiliation and

25   embarrassment of credit denials.

26       25.   Defendants CRA's conduct, action, and inaction were willful,

27   rendering it liable for punitive damages in an amount to be determined by the Court

28   pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling

COMPLAINT

1  Plaintiff to recover under 15 U.S.C. § 1681o.

2      26.    Plaintiff is entitled to recover attorney's fees from Defendants CRA's

3  in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or §

4  1681o.

5  ## SECOND CLAIM FOR RELIEF

6  **(Failure to Block Identity Theft Information – 15 U.S.C. § 1681c)**

7      27.    Plaintiff realleges and incorporates paragraphs 1 through 21 above as if

8  fully set forth herein.

9      28.    Defendants CRA's violated 15 U.S.C. § 1681c on multiple occasions

10  by failing to block information regarding the instances of identity theft contained in

11  Plaintiff's credit reports after receiving actual notice of such information; proof of

12  Plaintiff's identity; a copy of the Identity Theft Report; and a statement that the

13  information does not relate to any transaction by Plaintiff.

14      29.    As a result of this conduct, action and inaction of Defendants CRA's,

15  Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit

16  from credit, the mental and emotional pain and anguish and the humiliation and

17  embarrassment of credit denials.

18      30.    Defendants CRA's' conduct, action, and inaction were willful,

19  rendering it liable for punitive damages in an amount to be determined by the Court

20  pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling

21  Plaintiff to recover under 15 U.S.C. § 1681o.

22      31.    Plaintiff is entitled to recover attorney's fees from Defendants CRA's

23  in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or §

24  1681o.

25  ## THIRD CLAIM FOR RELIEF

26  **(Failure to Notify Furnishers of Identity Theft Info. – 15 U.S.C. § 1681c-2)**

27      32.    Plaintiff realleges and incorporates paragraphs 1 through 21 above as if

28  fully set forth herein.

COMPLAINT

33.   Defendants CRA's violated 15 U.S.C. § 1681c-2 on multiple occasions by failing to notify credit furnishers (1) that the information may be a result of identity theft; (2) that an identity theft report has been filed; (3) that a block has been requested under this section; and (4) of the effective dates of the block after receiving actual notice of such information; proof of Plaintiff's identity; a copy of the Identity Theft Report; and a statement that the information does not relate to any transaction by Plaintiff.

34.   As a result of this conduct, action and inaction of Defendants CRA's, Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

35.   Defendants CRA's' conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

36.   Plaintiff is entitled to recover attorney's fees from Defendants CRA's in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## FOURTH CLAIM FOR RELIEF

### (Failure to Reinvestigate – 15 U.S.C. § 1681i)

37.   Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

38.   Defendants CRA's violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward relevant information to the Creditors; failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason

7

COMPLAINT

1 know is unreliable.

2      39.    As a result of this conduct, action and inaction of Defendants CRA's,

3 Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit

4 from credit, the mental and emotional pain and anguish and the humiliation and

5 embarrassment of credit denials.

6      40.    Defendants CRA's' conduct, action, and inaction was willful,

7 rendering it liable for punitive damages in an amount to be determined by the Court

8 pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling

9 Plaintiff to recover under 15 U.S.C. § 1681o.

10      41.    Plaintiff is entitled to recover attorney's fees from Defendants CRA's

11 in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or §

12 1681o.

13 ### FIFTH CLAIM FOR RELIEF

14 **(Failure to Prevent Refurnishing Identity Theft Info. – 15 U.S.C. § 1681s-2)**

15      42.    Plaintiff realleges and incorporates paragraphs 1 through 18 above as if

16 fully set forth herein.

17      43.    Defendants Information Providers violated 15 U.S.C. § 1681s-2 by

18 failing to conduct an investigation with respect to the disputed information; review

19 all relevant information provided by the consumer reporting agency pursuant to

20 section 1681i (a)(2); report the results of the investigation to the consumer reporting

21 agency; if the information is incomplete or inaccurate, report those results to all

22 other consumer reporting agencies to which the person furnished the information

23 and that compile and maintain files on consumers on a nationwide basis; and in

24 cases inaccurate, incomplete, or unverifiable information, promptly modify, delete,

25 or permanently block the reporting of that item of information, after being notified

26 that they may have provided inaccurate information that may have resulted from

27 identity theft.

28      44.    Defendants Information Providers conduct, action, and inaction was

44.     Defendants Information Providers conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

45.     Plaintiff is entitled to recover attorney's fees from Defendants Information Providers in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.


WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants, jointly and severely; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of this action.

DATED:     May _13_, 2011                    CENTURY LAW GROUP LLP


By:     _____
        Edward O. Lear
        Rizza Gonzales
        Attorneys for Plaintiff
        ANNA STOWE

COMPLAINT

## __DEMAND FOR JURY TRIAL__

Plaintiff hereby demands a jury trial of this action.

DATED:    May 13, 2011          CENTURY LAW GROUP LLP


                                By:  _____
                                     Edward O. Lear
                                     Rizza Gonzales
                                     Attorneys for Plaintiff
                                     ANNA STOWE

10

COMPLAINT

# EXHIBIT A

# Incident Report
## Los Gatos/Monte Sereno Police Department



PO Box 973

110 E Main St

Los Gatos, California 95031

408-354-8600  LG[/]

408-354-0578  MS[ ]

**10-1992**

Supplement No
**ORIG**

Reported Date
**10/06/2010**

Nature of Call
**THEFT IDN**

Officer
**KIMBAL STANLEY**

## Administrative Information

| Agency | | | | Report No | | Supplement No | Reported Date |
|---|---|---|---|---|---|---|---|
| Los Gatos/Monte Sereno Police Department | | | | 10-1992 | | ORIG | 10/06/2010 |

| Reported Time | CAD Call No | Status | Nature of Call | | | | |
|---|---|---|---|---|---|---|---|
| 16:46 | 102790097 | Report | Identity Theft | | | | |

| Location | | | City | ZIP Code | Rep Dist |
|---|---|---|---|---|---|
| 49 TAIT AV | | | LOS GATOS | 95030 | LG300 |

| Area | Beat | From Date | From Time | To Date | | |
|---|---|---|---|---|---|---|
| LG | 3 | 06/01/2003 | 08:00 | 10/06/2010 | | |

| Officer | | Assignment | Entered by |
|---|---|---|---|
| S062/KIMBAL STANLEY | | Patrol Traffic Officer | S062 |

| Assignment | RMS Transfer | Approving Officer | Approval Date |
|---|---|---|---|
| Patrol Traffic Officer | Successful | S024 | 10/12/2010 |

| Approval Time | | | |
|---|---|---|---|
| 23:13:29 | | | |

| # Offenses | Offense | Description | Complaint Type |
|---|---|---|---|
| 1 | 530.5 PC | IDENTITY THEFT | |

## Person Summary

| Invl | Invl No | Type | Name | MNI | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|
| VIC | 1 | I | STOWE,ANNA QUISUMBING | 227787 | A | F | 07/23/1958 |

## Summary Narrative

The victim's social security number was used to open numerous credit accounts from 2003 through 2010.

CONFIDENTIAL
DOCUMENT

Los Gatos / Monte Sereno
Police Department

Released C  OCT 2 0 2010

| Report Officer | Printed At | |
|---|---|---|
| S062/KIMBAL STANLEY | 10/13/2010 07:47 | Page 1 of 2 |

# Incident Report
## Los Gatos/Monte Sereno Police Department

**10-1992**

Supplement No
ORIG

| Victim 1: STOWE,ANNA QUISUMBING | | | | | | |
|---|---|---|---|---|---|---|
| Involvement **Victim** | Invl No **1** | Type **Individual** | Name **STOWE,ANNA QUISUMBING** | | | MNI **227787** |
| Race **Other Asian (NCIC=Asian/Pacific Islander)** | | | | Sex **Female** | DOB **07/23/1958** | Age **52** |
| Ethnicity **Not of Hispanic origin** | | Juvenile? **No** | | | | |
| Type **Home** | Address **49 TAIT AV** | | | | City **LOS GATOS** | State **California** |
| ZIP Code **95030** | | | | | | |
| Type **Operator License** | ID No **N778282** | | | OLS **California** | | |
| Type **Social Security Number** | | ID No | | | | |
| Phone Type **CELL** | Phone No **(408)887-4556** | | Phone Type **HOME** | Phone No **(408)395-8678** | | |

### Modus Operandi

Suspect Action
**OTHER**

Crime Code(s)
**IDENTITY THEFT**

### Narrative

**I.  Additional Attachments:** Copy of victim's credit report.
Copy of affidavit of fraud.

**II. Narrative:** On 10/06/10 at approximately 1647 hours, I responded to 49 Tait Avenue for an identity theft report.  (V) Stowe reported that she recently received a copy of her credit report.  She discovered that numerous fraudulent credit accounts had been opened using her social security number.  The accounts have been opened all over the country beginning in 2005.  The most recent have addresses in Orlando Florida.  Accounts and information are provided on the attached credit reports.

(V) Stowe completed an affidavit fraud as well reporting the fraudulent use of her social security number to the Social Security Administration.

Follow Up: None

**III. Recommendations:** I recommend this case be forwarded to detective bureau and to the Orlando Florida Police Department.

CONFIDENTIAL DOCUMENT
Los Gatos / Monte Sereno
Police Department
Released C OCT 2 0 2010

| Report Officer **S062/KIMBAL STANLEY** | Printed At **10/13/2010 07:47** | **Page 2 of 2** |
|---|---|---|