Michael W. Bien, Esq. (CSB #96891)
Sumana Cooppan, Esq. (CSB # 267967)
Rosen, Bien & Galvan, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
Telephone:  415-433-6830
Fax:  415-433-7104
E-Mail:  mbien@rbg-law.com
         scooppan@rbg-law.com

*Local Counsel for Defendant Trans Union, LLC*

Cari L. Sheehan, Esq.  (IN #28062-84)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  csheehan@schuckitlaw.com
*Pro Hac Vice* Application Pending

*Counsel for Defendant Trans Union, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ANNA STOWE, an individual, | CASE NO. 5:11-cv-02428-HRL |
| Plaintiffs, | |
| vs. | **TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |
| EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC; EQUIFAX INFORMATION SERVICES, L.L.C.; LA CURACAO; and TOPAZ FINANCIAL SERVICE; | |
| Defendants. | |

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

COMES NOW the Plaintiff, Anna Stowe, (hereafter "Plaintiff") by counsel, and for complaint against Defendants, alleges as follows:

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES –**
**5:11-CV-02428-HRL**

[513005-1]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURISDICTION AND VENUE**

1.      This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act).

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**PARTIES**

2.      The jurisdiction of this Court is conferred by 15 U.S.C. § 168(p) and 28 U.S.C. § 1367.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.      The Plaintiff is a natural person and resident of California.  She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.      Upon information and belief, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereafter "Experian") is a corporation incorporated under the laws of the State of Texas authorized to do business under the laws of the State of California through its registered offices at 475 Anton Boulevard, Costa Mesa California 92626.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. § 1681a(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES –
5:11-CV-02428-HRL**

[513005-1]

1  **ANSWER:**  Trans Union states that the allegations of this paragraph are legal
2  conclusions and, so stating, denies them.

3  6.  Upon information and belief, Experian disburses such consumer reports to third
4  parties under contract for monetary compensation.

5  **ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to
6  form a belief about the truth of these allegations, which has the effect of a denial under Rule
7  8(b)(5).

8  7.  Upon information and belief, Defendant EQUIFAX INFORMATION
9  SERVICES, L.L.C. (hereafter "Equifax") is a corporation incorporated under the laws of the
10  State of Georgia authorized to do business under the laws of the State of California through its
11  registered offices at 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

12  **ANSWER:**  Trans Union states that the allegations of this paragraph are legal
13  conclusions and, so stating, denies them.

14  8.  Upon information and belief, Equifax is a "consumer reporting agency", as
15  defined in 15 U.S.C. § 1681a(f).  Upon information and belief, Experian is regularly engaged
16  in the business of assembling, evaluating, and disbursing information concerning consumers
17  for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third
18  parties.

19  **ANSWER:**  Trans Union states that the allegations of this paragraph are legal
20  conclusions and, so stating, denies them.

21  9.  Upon information and belief, Equifax disburses such consumer reports to third
22  parties under contract for monetary compensation.

23  **ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to
24  form a belief about the truth of these allegations, which has the effect of a denial under Rule
25  8(b)(5).

26  10.  Upon information and belief, Defendant TRANSUNION, L.L.C., (hereafter
27  "TransUnion" and collectively, with Equifax and Experian, the "Credit Reporting Agencies" or
28  "CRAs") is a business entity organized under the laws of Delaware authorized to do business

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES –
5:11-CV-02428-HRL**

[513005-1]

1    under the laws of the State of California through its registered offices at 1510 Chester Pike,

2    Crum Lynne, PA 19022.

3        **ANSWER:**    Trans Union admits that it is a Delaware limited liability company with

4    its principal place of business in Chicago, Illinois.  Trans Union states that the remaining

5    allegations of this paragraph are legal conclusions and, so stating, denies them.

6        11.    Upon information and belief, TransUnion is a "consumer reporting agency", as

7    defined in 15 U.S.C. § 1681a(f).  Upon information and belief, Experian is regularly engaged

8    in the business of assembling, evaluating, and disbursing information concerning consumers

9    for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third

10   parties.

11       **ANSWER:**    Trans Union admits that it is a "consumer reporting agency" as that term

12   is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that

13   the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

14       12.    Upon information and belief, Defendant LA CURACAO (hereafter "LA

15   Curacao") is a business entity organized under the laws of California authorized to do business

16   under the laws of the State of California through its registered offices at 1605 West Olympic

17   Boulevard, Suite 600, Los Angeles, California 90015.

18       **ANSWER:**    Trans Union states that the allegations of this paragraph are legal

19   conclusions and, so stating, denies them.

20       13.    Upon information and belief, LA Curacao is a "furnishers of information to

21   consumers reporting agencies" as applied in 15 U.S.C. § 1681s-2.  Upon information and

22   belief, LA Curacao is a creditor who holds a debt that resulted from the theft of Plaintiff's

23   identity as described below.

24       **ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to

25   form a belief about the truth of these allegations, which has the effect of a denial under Rule

26   8(b)(5).  Trans Union states that the remaining allegations of this paragraph are legal

27   conclusions and, so stating, denies them.

28

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES –**
**5:11-CV-02428-HRL**

[513005-1]

1    14.    Upon information and belief, Defendant TOPAZ FINANCIAL SERVICE
2    (hereafter "Topaz" and collectively with LA Curacao the "Information Providers") is a
3    business entity organized under the laws of the State of California authorized to do business
4    under the laws of the State of California through its registered offices at 15 St. Francis
5    Boulevard, Daly City, California 94015.

6    **ANSWER:**   Trans Union states that the allegations of this paragraph are legal
7    conclusions and, so stating, denies them.

8    15.    Upon information and belief, Topaz is a "furnishers of information to consumer
9    reporting agencies" as applied in 15 U.S.C. § 1681s-2.  Upon information and belief, Topaz is
10   a creditor who holds a debt that resulted from the theft of Plaintiff's identity as described
11   below.

12   **ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to
13   form a belief about the truth of these allegations, which has the effect of a denial under Rule
14   8(b)(5).   Trans Union states that the remaining allegations of this paragraph are legal
15   conclusions and, so stating, denies them.

16                          **ALLEGATIONS COMMON TO ALL CLAIMS**

17   16.    On or about September 13, 2010, Plaintiff discovered that she had been the
18   victim of numerous instances of identity theft.  Her credit reports compiled and reported to
19   creditors by Defendant Credit Reporting Agencies contained numerous negative items
20   associated with a "Ana Jimenez" or "Ana Delrocio Gamarra", thirty-eight (38) years old, of
21   Florida.  Plaintiff does not reside in Florida and has resided in Santa Clara County California
22   for more than twenty (20) years.

23   **ANSWER:**   Trans Union states that it lacks knowledge or information at this time
24   sufficient to form a belief about the truth of these allegations as they apply to Trans Union,
25   which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge
26   or information sufficient to form a belief about the truth of the remaining allegations, which
27   has the effect of a denial under Rule 8(b)(5).

28

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES –
5:11-CV-02428-HRL

[513005-1]

1    17.    Plaintiff has informed the Credit Reporting Agencies of the identity theft and

2  requested that fraud alerts be placed in her credit reports.

3    **ANSWER:**    Trans Union states that it lacks knowledge or information at this time

4  sufficient to form a belief about the truth of these allegations as they apply to Trans Union,

5  which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge

6  or information sufficient to form a belief about the truth of the remaining allegations, which

7  has the effect of a denial under Rule 8(b)(5).

8    18.    On or about October 6, 2010, Plaintiff filed an identity theft police report,

9  Report No. 10-1992, ("Identity Theft Report") with Officer Kimball Stanley of the Los Gatos /

10  Monte Sereno Police Department.  A copy of the Identity Theft Report is attached hereto as

11  Exhibit A.

12    **ANSWER:**    Trans Union states that Exhibit A speaks for itself.  Trans Union states

13  that it lacks knowledge or information sufficient to form a belief about the truth of these

14  allegations, which has the effect of a denial under Rule 8(b)(5).

15    19.    Thereafter, Plaintiff provided the CRA's with proof of her identity, a copy of

16  the Identity Theft Report, identification of the fraudulent information, and a statement that the

17  information does not relate to any transaction by Plaintiff.

18    **ANSWER:**    Trans Union states that it lacks knowledge or information at this time

19  sufficient to form a belief about the truth of these allegations as they apply to Trans Union,

20  which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge

21  or information sufficient to form a belief about the truth of the remaining allegations, which

22  has the effect of a denial under Rule 8(b)(5).

23    20.    On information and belief, the CRA's failed to provide notice to the

24  Information Providers that the fraudulent information may be a result of identity theft; that an

25  identity theft report has been filed; that a block has been requested under this section; and of

26  the effective dates of the block.

27    **ANSWER:**    Trans Union states that it lacks knowledge or information at this time

28  sufficient to form a belief about the truth of these allegations as they apply to Trans Union,

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES –**
**5:11-CV-02428-HRL**

1   which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge

2   or information sufficient to form a belief about the truth of the remaining allegations, which

3   has the effect of a denial under Rule 8(b)(5).

4          21.    Alternatively, the CRA's provided notice to the Information Providers that the

5   fraudulent information may be a result of identity theft; that an identity theft report has been

6   filed; that a block has been requested under this section; and of the effective dates of the block.

7   Thereafter, the Information Providers failed to conduct an investigation with respect to the

8   disputed information; review all relevant information provided by the consumer reporting

9   agency pursuant to section 1681i(a)(2); report the results of the investigation to the consumer

10  reporting agency; if the information is incomplete or inaccurate, report those results to all other

11  consumer reporting agencies to which the person furnished the information and the compile

12  and maintain files on consumers on a nationwide basis; and in cases inaccurate, incomplete, or

13  unverifiable information, promptly modify, delete, or permanently block the reporting of that

14  item of information.

15         **ANSWER:**    Trans Union states that it lacks knowledge or information at this time

16  sufficient to form a belief about the truth of these allegations as they apply to Trans Union,

17  which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge

18  or information sufficient to form a belief about the truth of the remaining allegations, which

19  has the effect of a denial under Rule 8(b)(5).

20                    **FIRST CLAIM FOR RELIEF**

21        **(Failure to Establish Proper Procedures – 15 U.S.C. § 1681e)**

22         22.    Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set

23  forth herein.

24         **ANSWER:**    Trans Union reasserts its answers and responses set forth herein.

25         23.    Defendants CRA's violated 15 U.S.C. § 1681e(b) by failing to establish or to

26  follow reasonable procedures to assure maximum possible accuracy in the preparation of the

27  credit report and credit files it published and maintains concerning Plaintiff.

28

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES –
5:11-CV-02428-HRL**

1    **ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to
2    Trans Union.  Trans Union denies that the remaining statements contained in this paragraph
3    require a response from Trans Union as they do not constitute allegations asserted against it,
4    pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

5    24.    As a result of this conduct, action and inaction of Defendants CRA's, Plaintiff
6    rendered damages by loss of credit, loss of ability to purchase and benefit from credit, the
7    mental and emotional pain and anguish and the humiliation and embarrassment of credit
8    denials.

9    **ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to
10   Trans Union.  Trans Union denies that the remaining statements contained in this paragraph
11   require a response from Trans Union as they do not constitute allegations asserted against it,
12   pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

13   25.    Defendants CRA's conduct, action, and inaction were willful, rendering it liable
14   for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.
15   § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C.
16   § 1681o.

17   **ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to
18   Trans Union.  Trans Union denies that the remaining statements contained in this paragraph
19   require a response from Trans Union as they do not constitute allegations asserted against it,
20   pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

21   26.    Plaintiff is entitled to recover attorney's fees from Defendant CRA's in an
22   amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

23   **ANSWER:**    Trans Union denies that Plaintiff is entitled to any damages, costs, fees
24   or other relief from or against Trans Union.

25   ### SECOND CLAIM FOR RELIEF

26   **(Failure to Block Identity Theft Information – 15 U.S.C. § 1681c)**

27   27.    Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set
28   forth herein.

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES –
5:11-CV-02428-HRL**

[513005-1]

**ANSWER:**     Trans Union reasserts its answers and responses set forth herein.

28.     Defendants CRA's violated 15 U.S.C. § 1681c on multiple occasions by failing to block information regarding the instances of identity theft contained in Plaintiff's credit reports after receiving actual notice of such information; proof of Plaintiff's identity; a copy of the Identity Theft Report; and a statement that the information does not relate to any transaction by Plaintiff.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29.     As a result of this conduct, action and inaction of Defendants CRA's, Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and humiliation and embarrassment of credit denials.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30.     Defendant CRA's conduct, action, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

31.     Plaintiff is entitled to recover attorney's fees from Defendants CRA's in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES –
5:11-CV-02428-HRL**

[513005-1]

1

**ANSWER:**   Trans Union denies that Plaintiff is entitled to any damages, costs, fees

2 or other relief from or against Trans Union.

3 ## THIRD CLAIM FOR RELIEF

4 ### (Failure to Notify Furnishers of Identity Theft Info. – 15 U.S.C. § 1681c-2)

5          32.     Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set

6 forth herein.

7          **ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

8          33.     Defendants CRA's violated 15 U.S.C. § 1681c-2 on multiple occasions by

9 failing to notify credit furnishers (1) that the information may be a result of identity theft;

10 (2) that an identity theft report has been filed: (3) that a block has been requested under this

11 section; and (4) of the effective dates of the block after receiving actual notice of such

12 information; proof of Plaintiff's identity; a copy of the Identity Theft Report; and a statement

13 that the information does not relate to any transaction by Plaintiff.

14          **ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to

15 Trans Union.  Trans Union denies that the remaining statements contained in this paragraph

16 require a response from Trans Union as they do not constitute allegations asserted against it,

17 pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

18          34.     As a result of this conduct, action and inaction of Defendants CRA's, Plaintiff

19 suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the

20 mental and emotional pain and anguish and humiliation and embarrassment of credit denials.

21          **ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to

22 Trans Union.  Trans Union denies that the remaining statements contained in this paragraph

23 require a response from Trans Union as they do not constitute allegations asserted against it,

24 pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

25          35.     Defendants CRA's conduct, action, and inaction was willful, rendering it liable

26 for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.

27 § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C.

28 § 1681o.

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES –**
**5:11-CV-02428-HRL**

[513005-1]

1
2
3
4

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

5
6

36.     Plaintiff is entitled to recover attorney's fees from Defendants CRA's in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

7
8

**ANSWER:**   Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

9

<u>**FOURTH CLAIM FOR RELIEF**</u>

10

**(Failure to Reinvestigate – 15 U.S.C. § 1681i)**

11
12

37.     Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

13

**ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

14
15
16
17
18
19

38.     Defendants CRA's violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward relevant information to the Creditors; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason know is unreliable.

20
21
22
23

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

24
25
26
27

39.     As a result of this conduct, action and inaction of Defendants CRA's, Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

28

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES – 5:11-CV-02428-HRL**

[513005-1]

1    **ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to
2    Trans Union.  Trans Union denies that the remaining statements contained in this paragraph
3    require a response from Trans Union as they do not constitute allegations asserted against it,
4    pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

5        40.    Defendants CRA's conduct, action, and inaction was willful, rendering it liable
6    for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.
7    §1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C.
8    § 1681o.

9    **ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to
10   Trans Union.  Trans Union denies that the remaining statements contained in this paragraph
11   require a response from Trans Union as they do not constitute allegations asserted against it,
12   pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

13       41.    Plaintiff is entitled to recover attorney's fees from Defendants CRA's in an
14   amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

15   **ANSWER:**    Trans Union denies that Plaintiff is entitled to any damages, costs, fees
16   or other relief from or against Trans Union.

17                          **FIFTH CLAIM FOR RELIEF**

18       **(Failure to Prevent Refurnishing Identity Theft Info. – 15 U.S.C. § 1681s-2)**

19       42.    Plaintiff realleges and incorporates paragraphs 1 through 18 above as if fully set
20   forth herein.

21   **ANSWER:**    Trans Union reasserts its answers and responses set forth herein.

22       43.    Defendants Information Providers violated 15 U.S.C. § 1681s-2 by failing to
23   conduct an investigation with respect to the disputed information; review all relevant
24   information provided by the consumer reporting agency pursuant to section 1681i (a)(2); report
25   the results of the investigation to the consumer reporting agency; if the information is
26   incomplete or inaccurate, report those results to all other consumer reporting agencies to which
27   the person furnished the information and that compile and maintain files on consumers on a
28   nationwide basis; and in cases inaccurate, incomplete, or unverifiable information, promptly

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES –
5:11-CV-02428-HRL**

[513005-1]

1  modify, delete, or permanently block the reporting of that item of information, after being
2  notified that they may have resulted from identity theft.

3      **ANSWER:**   Trans Union denies that the statements contained in this paragraph
4  require a response from Trans Union as they do not constitute allegations asserted against it,
5  pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

6      44.   Defendants Information Providers conduct, action, and inaction was willful,
7  rendering it liable for punitive damages in an amount to be determined by the Court pursuant to
8  15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under
9  15 U.S.C. § 1681o.

10      **ANSWER:**   Trans Union denies that the statements contained in this paragraph
11  require a response from Trans Union as they do not constitute allegations asserted against it,
12  pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

13      45.   Plaintiff is entitled to recover attorney's fees from Defendants Information
14  Providers in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or
15  §1681o.

16      **ANSWER:**   Trans Union denies that the statements contained in this paragraph
17  require a response from Trans Union as they do not constitute allegations asserted against it,
18  pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

19      WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages
20  against Defendants, jointly and severely; for her attorney's fees and costs; for pre-judgment
21  and post-judgment interest at the legal rate; and such other relief the Court deems just,
22  equitable, and proper.

23      **ANSWER:**   Trans Union denies that Plaintiff is entitled to any damages, costs, fees
24  or other relief from or against Trans Union.

25         **AFFIRMATIVE DEFENSES**

26      1.   Plaintiff has failed to state a claim against Trans Union upon which relief may
27  be granted.

28

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES –
5:11-CV-02428-HRL**

[513005-1]

2.      Plaintiff's state law and common law claim are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

3.      Trans Union's reports concerning Plaintiff were true or substantially true.

4.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.      Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES –
5:11-CV-02428-HRL**

[513005-1]

1   WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is

2   entitled to judgment or to any of the relief sought, and respectfully requests that judgment be

3   entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans

4   Union, LLC, be awarded its costs incurred in defending this action, along with such other relief

5   as this Court deems equitable and just.

6                                          Respectfully submitted,

7

8   Dated:  June 16, 2011                  */s/ Sumana Cooppan*

9                                          Michael W. Bien, Esq. (CSB #96891)
                                           Sumana Cooppan, Esq. (CSB # 267967)
10                                         Rosen, Bien & Galvan, LLP
                                           315 Montgomery Street, Tenth Floor
11                                         San Francisco, CA  94104
                                           Telephone:  415-433-6830
12                                         Fax:  415-433-7104
                                           E-Mail:  mbien@rbg-law.com
13                                                   scooppan@rbg-law.com

14
                                           *Local Counsel for Defendant Trans Union,*
15                                         *LLC*

16

17

18

19

20

21

22

23

24

25

26

27

28

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES –**
**5:11-CV-02428-HRL**

[513005-1]