Katherine A. Klimkowski (State Bar No. 263099)
kaklimkowski@jonesday.com
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA  92612
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA STOWE, an individual, | Case No. 5:11-cv-02428-JF |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Hearing Date:  August 19, 2011 |
| EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION LLC; EQUIFAX INFORMATION SERVICES, L.L.C.; LA CURACAO; and TOPAZ FINANCIAL SERVICE | Time:  10:30 a.m. |
| | Honorable Judge Jeremy Fogel |
| Defendants. | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel conferred to discuss the matters set forth in Rule 16, Rule 26(f) and Local Rule 3-5.  Thus, the parties hereby submit their Joint Case Management Statement.

**1.      BASIS FOR JURISDICTION AND SERVICE**

This action is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.  Consequently, this Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1681p of the FCRA.  This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.  Topaz Financial Services has yet to be served, however, all other parties have been served.

IRI-24631v1

## 2. FACTS

**Plaintiff:** Plaintiff's allegations stem from the discovery on or about September 13, 2010, that she had been the victim of numerous instances of identity theft. Plaintiff filed an identity theft police report. Stowe thereafter provided the credit reporting agencies, Defendants Experian Information Solutions, Inc. ("Experian") and Equifax Information Services, LLC ("Equifax"), with proof of her identity, a copy of the police report, identification of the fraudulent information and a statement that the information does not relate to any transaction by Plaintiff. Experian and Equifax thereafter failed to provide notice to information providers Defendants Topaz Financial Services ("Topaz") and Trans Union, LLC ("Trans Union") that the fraudulent information may have resulted from identity theft, that an identity theft report had been filed, that a block had been filed, and the effective dates of the block. Alternatively, Plaintiff alleges that Equifax and Experian provided notice to Topaz and Trans Union that the fraudulent information may have resulted from identity theft, that an identity theft report had been filed, that a block had been filed, and the effective dates of the block. However, thereafter Topaz and Trans Union failed to conduct an investigation with respect to the disputed information, review all relevant information provided by Experian and Equifax, report the results of the investigation to Equifax and Experian, if the information was incomplete/inaccurate report such results to all other consumer reporting agencies, and where the information was inaccurate, incomplete and/or unverifiable, promptly modify, delete or permanently block the reporting of that item of information.

**Defendants:**

A.    **Trans Union, LLC:** Defendant Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

1 **B. Experian Information Solutions, Inc.:** Experian is a consumer credit reporting agency, as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian of a potential inaccuracy. Experian's reasonable procedures were followed at all times with respect to Plaintiff's credit file. Experian therefore has no liability in this case.

**C. Equifax Information Services, LLC:** At all pertinent times herein, Equifax Information Services LLC ("Equifax") complied with all provisions of the FCRA, including sections 1681e, 1681c and 1681i. Equifax further denies that Plaintiff was damaged. Even if Plaintiff has suffered damages, Equifax denies that it caused those damages. Equifax is without fault concerning all claims and theories upon which Plaintiff relies. This statement is based on facts currently known to Equifax. Equifax makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are further developed in this case.

**D. La Curacao:** Defendant Adir International, LLC dba La Curacao (hereinafter "La Curacao") is a consumer goods retailer. La Curacao has reviewed the pleadings filed by Plaintiff and searched its records but can find no evidence that Plaintiff maintained an account or was granted any credit rights in connection with said Defendant's business. La Curacao notes that Plaintiff has not provided to the defendants an account number or credit report allegedly applicable to her claims, nor has Plaintiff's social security number been made known to defendants. Without this information, La Curacao has been unable to locate any records

JOINT CASE MANAGEMENT STATEMENT
5:11-cv-02428-JF

pertaining to any individual named "Anna Stowe." Moreover, La Curacao has determined that there are several accounts associated with persons using the names "Ana Jimenez," and/or "Ana Delrocio Gamarra". Without social security or other information concerning these persons, La Curacao cannot determine what actions Plaintiff alleges were wrongly undertaken or omitted by defendants. La Curacao also notes that Plaintiff provided no new information to the defendants through the early meeting process. At the present time, therefore, La Curacao still has no idea why it is being sued by Plaintiff.

3. **LEGAL ISSUES**

**Plaintiff:** Whether Defendants Experian and Equifax established or followed proper and reasonable procedures to assure maximum accuracy in the preparation of the credit report and credit files it published and maintains concerning Stowe in violation of the Fair Credit Reporting Act § 1681, et. seq. Whether Defendants Topaz and Trans Union conducted an investigation with respect to the disputed information, reviewed all relevant information provided by Experian and Equifax, reported the results of the investigation to all consumer reporting agencies, if the information was incomplete/inaccurate report such results to all other consumer reporting agencies, and where the information was inaccurate, incomplete and/or unverifiable, promptly modify, delete or permanently block the reporting of that item of information.

**Defendants:**

A. **Trans Union, LLC:** The primary legal issues with respect to Trans Union are whether, with respect to Plaintiff, it employed reasonable procedures and conducted reasonable investigations of Plaintiff's disputes, which it maintains that it did under the Fair Credit Reporting Act § 1681, *et. seq*.

B. **Experian Information Solutions, Inc.:** The primary legal issues are whether Experian maintained reasonable procedures and conducted reasonable investigations into Plaintiff's disputes. Experian maintains that with respect to Plaintiff, it maintained reasonable procedures and conducted reasonable investigations of Plaintiff's disputes.

1  **C.** **Equifax Information Services, LLC:** The primary legal issues with respect to Equifax are whether Equifax willfully or negligently failed to comply with sections 1681e, 1681c, and/or 1681i of the FCRA, whether Plaintiff suffered any damage, and whether that alleged damage was caused by Equifax. Equifax makes this statement without waiving any defense and reserves the right to supplement this statement as to legal issues that are further developed in this case.

**D.** **La Curacao:** La Curacao is named only in the last, fifth count, which alleges a failure to investigate and report under federal guidelines.

**4.** **MOTIONS**

**Plaintiff:** Stowe does not anticipate the filing of any dispositive motions.

**Defendants:**

**A.** **Trans Union, LLC:** Trans Union may need to file a discovery motions and/or a motion for summary judgment.

**B.** **Experian Information Solutions, Inc.:**

Experian may need to file discovery and/or dispositive motions.

**C.** **Equifax Information Services, LLC:** Equifax anticipates that it may file a motion for summary judgment and may, if necessary, file discovery motions.

**D.** **La Curacao:** La Curacao anticipates that various discovery motions may be necessary if Plaintiff does not provide information which defendants will request. Also, a dispositive motion may be filed by La Curacao if the evidence warrants.

**5.** **AMENDMENT OF PLEADINGS:**

**Plaintiff**: Stowe does not anticipate the amendment of any pleadings.

**Defendants:**

**A.** **Trans Union:** If any amendments to the pleadings are necessary, the deadline for same shall be August 26, 2011.

JOINT CASE MANAGEMENT STATEMENT
5:11-cv-02428-JF

     **B.**     **Experian Information Solutions, Inc.:**

Should any amendments be necessary, Experian proposes the deadline for amending pleadings be August 26, 2011.

     **C.**     **Equifax Information Services, LLC:**  Equifax agrees to the proposed deadline of August 26, 2011 for amendments.

     **D.**     **La Curacao:**  La Curacao anticipates no amendments at this time and agrees to the proposed deadline of August 26, 2011 for amendments.

**6.**     **EVIDENCE PRESERVATION:**  The Parties are aware of their obligations with respect to document preservation and have complied with such under the facts and circumstances of this case.

**7.**     **DISCLOSURES:**

**Plaintiff:**  Stowe will make her initial witness and document disclosures under FRCP 26(a) within 14 days of the Rule 26(f) conference.

**Defendants:**

     **A.**     **Trans Union, LLC:**  Trans Union timely served its Initial Disclosures via certified mail on July 14, 2011.

     **B.**     **Experian Information Solutions, Inc.:** Experian timely served its Initial Disclosures via U.S. mail on July 29, 2011.

     **C.**     **Equifax Information Services, LLC:**  Equifax is serving its Initial Disclosures via U.S. Mail no later than August 12, 2011.

     **D.**     **La Curacao:**  La Curacao lacks any tangible facts or evidence to share at this juncture for the reasons stated above, namely that it has been unable to locate any records pertaining to any individual named "Anna Stowe," and has been unable to narrow down which persons named "Ana Jimenez," or "Ana Delrocio Gamarra" are the subject of the action.

1  **8.     DISCOVERY**:

2  **Plaintiff:** Stowe will propound the following discovery requests: (a) Special

3  Interrogatories and (b) Requests for Production.  Stowe will also depose the persons most

4  knowledgeable of the facts alleged in her complaint and/or Defendants' policies and practices

5  relevant to the allegations contained in his complaint and other individuals that may be identified

6  during the course of this litigation.

7  **Defendants:**

8  **A.  Trans Union, LLC:**  Trans Union, LLC proposes no more than a total of 25

9  interrogatories shall be served by each side.  No more than 30 document requests and no more

10 than 40 requests for admissions shall be served per party.  No more than 10 depositions shall be

11 taken by any party.

12 Discovery will be sought on all allegations, claims and affirmative defenses alleged in the

13 Complaint, any Amended Complaint and Answers and will be conducted by (including but not

14 limited to) Depositions, Interrogatories, Requests For Admission and Requests For Production

15 Of Documents.

16 The parties may undertake non-party discovery to determine the facts surrounding

17 Plaintiff's claims.

18 The parties stipulate that, due to the large number of defendants in this matter, Plaintiff's

19 deposition may extend past the limitation set forth in the Federal Rules.

20 **B.     Experian Information Solutions, Inc.:**  Discovery will be sought on all

21 allegations, claims and affirmative defenses alleged in the Complaint and Answer and will be

22 conducted by (including but not limited to) Depositions, Interrogatories, Requests For

23 Admission and Requests For Production Of Documents.

24 Experian also intends to take the depositions of any expert retained by Plaintiff and

25 reserves the right to retain a rebuttal expert and to take depositions of any other persons revealed

26 by discovery to have personal knowledge of the matters in dispute.

27 **C.     Equifax Information Services, LLC:**  Equifax will seek discovery on all

28 allegations, claims and defenses alleged in the Complaint and Answers and will conduct the

discovery pursuant to the Federal Rules of Civil Procedure, including taking depositions and serving interrogatories, request for production of documents, and request for admissions on the parties. Equifax may also undertake non-party discovery pursuant to the Federal Rules of Civil Procedure, including deposing non-parties.

      **D.**    **La Curacao:** La Curacao concurs with the proposed discovery plan recommended by Trans Union, LLC.

**9. CLASS ACTIONS**: Not Applicable.

**10. RELATED CASES:** There are no related cases.

**11. RELIEF**:

      **Plaintiff:** Stowe seeks compensatory and punitive damages against Defendants, attorney's fees and costs; for pre-judgment and post-judgment interest, and other relief the Court deems just, equitable and proper.

**12. SETTLEMENT AND ADR:** The parties agree to Local Rule 16-15.4(1): "The parties shall appear before the district judge or magistrate judge assigned to the case for such settlement proceedings as the judge may conduct or direct."

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:** The parties decline to consent to the Magistrate Judge, except as noted under Section 12 concerning ADR procedures.

**14. OTHER REFERENCES:** The parties agree this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES:** The parties agree that it is premature to attempt to narrow the issues.

**16. EXPEDITED SCHEDULE:** The parties see no need for streamlined procedures or an expedited schedule.

**17. SCHEDULING:**

Designation of Plaintiff's Expert: December 16, 2011

Designation of Defendants' Expert(s): January 20, 2011

Discovery Cutoff: April 20, 2012

Dispositive Motion Filing Deadline: June 22, 2012

Hearing of Dispositive Motions: September 3, 2012

Pretrial Conference: October, 2012, or 30 days after any ruling on dispositive motions.

Trial: November, 2012, or such date as may be convenient for the Court.

**18. TRIAL:** Plaintiff has requested a trial by jury. The parties estimate the length of trial to be 4-5 days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiff:** None.

**Defendants:**

    **B.**     **Trans Union, LLC:** Trans Union, LLC has filed its Certification Of Interested Entities Or Persons. The entity identified by Trans Union is its parent corporation, Trans Union Corp.

    **B.**     **Experian Information Solutions, Inc.:** Experian Information Solutions, Inc., Defendant identifies the following interested parties: Parent Companies: The ultimate parent company of Experian is Experian plc.

    a.     Subsidiaries Not Wholly Owned: The following companies are the US-

based subsidiaries of Experian plc that are not wholly owned:

  (1) First American Real Estate Solutions, LLC

  (2) First American Real Estate Solutions II, LLC

  (3) Vehicle Title, LLC

  (4) Central Source LLC

  (5) Online Data Exchange LLC

  (6) New Management Services LLC

  (7) VantageScore Solutions LLC

  (8) Opt-Out Services LLC

**C.** **Equifax Information Services, LLC:** Equifax Information Services LLC filed its Certification Of Interested Entities Or Persons. The entity identified by Equifax Information Services LLC is its parent corporation, Equifax Inc.

**D.** **La Curacao:** La Curacao has filed its Certification Of Interested Entities Or Persons. The persons and entities identified by La Curacao are Defendant Adir International LLC, dba La Curacao; Ron Azarkman, shareholder of defendant; Jerry Azarkman, shareholder of defendant; Hispanic Growth LLC, shareholder of defendant; and Citigroup, ultimate shareholder of Hispanic Growth LLC.

Dated: August 12, 2011       JONES DAY

By: */s/ Katherine A. Klimkowski*
   Katherine A. Klimkowski

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

Dated: August 12, 2011       CENTURY LAW GROUP LLP

By: */s/ Rizza Gonzales*
   Rizza Gonzales

Attorneys for Plaintiff ANNA STOWE

1   Dated: August 12, 2011                          SCHUCKIT ASSOCIATES, P.C.

                                                                                      By: */s/ Cari L. Sheehan*
                                                                                             Cari L. Sheehan

                                                                                    Attorneys for Defendant
                                                                                    TRANS UNION, LLC

Dated: August 12, 2011                          NOKES & QUINN

                                                                                   By: */s/ Thomas P. Quinn*
                                                                                        Thomas P. Quinn

                                                                                   Attorneys for Defendant
                                                                                    EQUIFAX INFORMATION SERVICES, LLC

Dated: August 12, 2011                          LAW OFFICES OF SCOTT D. PINSKY

                                                                                   By: */s/ Scott D. Pinsky*
                                                                                        Scott D. Pinsky

                                                                                  Attorneys for Defendant
                                                                                  ADIR INTERNATIONAL, LLC DBA LA CURACAO

**JOINT CASE MANAGEMENT STATEMENT**
5:11-cv-02428-JF

**CERTIFICATE OF SERVICE**

I, Katherine A. Klimkowski, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612. On **August 12, 2011**, I served a copy of the **JOINT CASE MANAGEMENT STATEMENT** by electronic transmission.

I am familiar with the United States District Court Northern District Of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Edward O. Lear
Rizza D. Gonzales
CENTURY LAW GROUP LLP
5200 West Century Boulevard, #345
Los Angeles, CA 90045
*Attorneys for Plaintiff*

Cari L. Sheehan, Esq.
Schuckit Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077

and

Thomas P. Quinn, Esq.
Nokes & Quinn
410 Broadway, Suite 200
Laguna Beach, CA 92651
*Attorneys for Equifax Information Services, LLC*

Michael W. Bien, Esq.
Sumana Cooppan, Esq.
Rosen, Bien & Galvan, LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
*Attorneys for Trans Union, LLC*

Scott D. Pinsky, Esq.
Law Offices of Scott D. Pinsky
One Market Street, Suite 3600
San Francisco, CA 94105
*Attorneys for Adir International, LLC dba La Curacao*

Executed on **August 12, 2011**, at Irvine, California.

*/s/ Katherine A. Klimkowski*
Katherine A. Klimkowski

IRI-22351v1