EDWARD O. LEAR, State Bar No. 132699
lear@centurylawgroup.com
RIZZA D. GONZALES, State Bar No. 268118
gonzales@centurylawgroup.com
**CENTURY LAW GROUP LLP**
5200 W. Century Blvd. #345
Los Angeles, CA 90045
Phone (310) 642-6900
Fax (310) 642-6910

Attorney for Plaintiff
ANNA STOWE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA STOWE, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION; EQUIFAX INFORMATION SERVICES, L.L.C.; LA CURACAO; and TOPAZ FINANCIAL SERVICE<br><br>　　　　Defendants. | Case No.: CV-11-02428 JF<br><br><br>Hon: Jeremy Fogel<br><br>**STIPULATION AND [PROPOSED] ORDER PERMITTING PLAINTIFF'S AMENDMENT OF THE COMPLAINT** |

　　The parties hereby stipulate as follows and respectfully request that the Court enter the proposed order set forth below.

　　WHEREAS Plaintiff Anna Stowe ("Plaintiff") has named as a defendant in her Complaint filed with the Court on May 18, 2011, the entity Topaz Financial Services, Inc.;

　　WHEREAS Plaintiff has since learned that Topaz Financial Services, Inc. is a real estate company with no relation to Plaintiff or the instant matter;

1

WHEREAS Plaintiff is informed and believes the correct party is Topaz Financial, Inc., business entity organized under the laws of the State of California authorized to do business under the laws of the State of California through its registered offices at 13623 Victory Boulevard, Van Nuys, California 91401;

WHEREAS the parties, Plaintiff and Defendants Experian Information Solutions, Inc., Transunion, Equifax Information Services, L.L.C., and La Curacao (collectively, "Defendants"), stipulated to allow Plaintiff to amend her Complaint to correctly include Topaz Financial, Inc. as a defendant; and

WHEREAS such stipulated amendment is permitted under F.R.C.P. Rule 15(a)(2).

NOW, THEREFORE, the Parties stipulate and agree as follows:

1. Plaintiff may file an Amended Complaint, a copy of which is attached hereto as Exhibit A.

2. Defendants Experian Information Solutions, Inc., Transunion, Equifax Information Services, L.L.C., and La Curacao waive notice and service of the Amended Complaint and shall not be required to answer the amendment, and that all denials, responses and affirmative defenses contained in the answers filed by Defendants Experian Information Solutions, Inc., Transunion, Equifax Information Services, L.L.C., and La Curacao to the original complaint shall be responsive to the Amended Complaint.

IT IS SO STIPULATED.

///
///
///
///

| | | |
|---|---|---|
| 1 | Dated: August 19, 2011 | **CENTURY LAW GROUP LLP** |
| 2 | | |
| 3 | | */s/ Rizza Gonzales* |
| | | Edward O. Lear |
| 4 | | Rizza Gonzales |
| | | Attorneys for Plaintiff |
| 5 | | Anna Stowe |
| 6 | Dated: August 197, 2011 | **JONES DAY** |
| 7 | | |
| 8 | | */s/ Katherine Klimkowski* |
| | | Katherine A. Klimkowski |
| 9 | | Attorneys for Defendant |
| | | Experian Information Solutions, Inc. |
| 10 | | |
| 11 | Dated: August 19, 2011 | **SCHUCKIT & ASSOCIATES, P.C.** |
| 12 | | |
| 13 | | */s/ Cari Sheehan* |
| | | Cari L. Sheehan |
| 14 | | Lead Counsel for Defendant |
| | | Transunion, LLC |

(signature blocks continue)

Dated: August 19, 2011   **NOKES & QUINN**

*/s/ Thomas P. Quinn*
Thomas P. Quinn
Attorneys for Defendant
Equifax Information Services, LLC

Dated: August 19, 2011   **LAW OFFICES OF SCOTT. D. PINSKY**

*/s/ Scott Pinsky*
Scott D. Pinsky
Attorneys for Defendant
La Curacao

3

**STIPULATION AND [PROPOSED] ORDER**

[PROPOSED] ORDER

Based upon the foregoing stipulation and good cause appearing, the Court ORDERS that:

1. Plaintiff's Amended Complaint is deemed filed as of the date of this Order.

2. Defendants Experian Information Solutions, Inc., Transunion, Equifax Information Services, L.L.C., and La Curacao waive notice and service of the Amended Complaint and shall not be required to answer the amendment, and that all denials, responses and affirmative defenses contained in the answers filed by Defendants Experian Information Solutions, Inc., Transunion, Equifax Information Services, L.L.C., and La Curacao to the original complaint shall be responsive to the Amended Complaint.

IT IS SO ORDERED.

Dated: 9/1/11

_____
Hon. Jeremy Fogel
United States District Court Judge
United States District Court, Northern District of California

# EXHIBIT A

Case3:11-cv-02428-TEH Document48 Filed09/09/11 Page5 of 15

EDWARD O. LEAR, State Bar No. 132699
lear@centurylawgroup.com
RIZZA D. GONZALES, State Bar No. 268118
gonzales@centurylawgroup.com
**CENTURY LAW GROUP LLP**
5200 W. Century Blvd. #345
Los Angeles, CA 90045
Phone (310) 642-6900
Fax (310) 642-6910

Attorney for Plaintiff
ANNA STOWE

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA STOWE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION LLC; EQUIFAX INFORMATION SERVICES, L.L.C.; LA CURACAO; and TOPAZ FINANCIAL SERVICE<br><br>Defendants. | Case No.: C-11-02428 JF<br><br>**COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681)**<br>1. **FAILURE TO ESTABLISH PROPER PROCEDURES (15 U.S.C. § 1681e)**<br>2. **FAILURE TO BLOCK IDENTITY THEFT INFO (15 U.S.C. § 1681e)**<br>3. **FAILURE TO NOTIFY FURNISHERS OF IDENTITY THEFT INFO (15 U.S.C. § 1681c-2)**<br>4. **FAILURE TO REINVESTIGATE (15 U.S.C. § 1681i)**<br>5. **FAILURE TO PREVENT REFURNISHING IDENTITY THEFT INFO (15 U.S.C. § 1681s-2)** |

1

2  COMES NOW the Plaintiff, Anna Stowe, (hereafter "Plaintiff") by counsel,
3  and for her complaint against Defendants, alleges as follows:

## JURISDICTION AND VENUE

4  1. This is an action for actual, statutory, and punitive damages, costs, and
5  attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit
6  Reporting Act).

## PARTIES

7  2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and
8  28 U.S.C. § 1367.

9  3. The Plaintiff is a natural person and resident of California. She is a
10  "consumer" as defined by 15 U.S.C. § 1681a(c).

11  4. Upon information and belief, Defendant EXPERIAN INFORMATION
SOLUTIONS, INC. (hereafter "Experian") is a corporation incorporated under the
laws of the State of Texas authorized to do business under the laws of the State of
California through its registered offices at 475 Anton Boulevard, Costa Mesa
California 92626.

12  5. Upon information and belief, Experian is a "consumer reporting
agency", as defined in 15 U.S.C. § 1681a(f). Upon information and belief,
Experian is regularly engaged in the business of assembling, evaluating, and
disbursing information concerning consumers for the purpose of furnishing
consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

13  6. Upon information and belief, Experian disburses such consumer
reports to third parties under contract for monetary compensation.

14  7. Upon information and belief, Defendant EQUIFAX INFORMATION
SERVICES, L.L.C. (hereafter "Equifax") is a corporation incorporated under the
laws of the State of Georgia authorized to do business under the laws of the State of
California through its registered offices at 1550 Peachtree Street, Northwest,

Atlanta, Georgia 30309.

8. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

9. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, Defendant TRANSUNION, L.L.C. (hereafter "TransUnion" and collectively, with Equifax and Experian, the "Credit Reporting Agencies" or "CRA's") is a business entity organized under the laws of Delaware authorized to do business under the laws of the State of California through its registered offices at 1510 Chester Pike, Crum Lynne, PA 19022.

11. Upon information and belief, TransUnion is a "consumer reporting agency", as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

12. Upon information and belief, Defendant LA CURACAO (hereafter "LA Curacao") is a business entity organized under the laws of California authorized to do business under the laws of the State of California through its registered offices at 1605 West Olympic Boulevard, Suite 600, Los Angeles, California 90015.

13. Upon information and belief, LA Curacao is a "furnishers of information to consumer reporting agencies" as applied in 15 U.S.C. § 1681s-2. Upon information and belief, LA Curacao is a creditor who holds a debt that resulted from the theft of Plaintiff's identity as described below.

14. Upon information and belief, Defendant TOPAZ FINANCIAL, INC.

1 (hereafter "Topaz" and collectively with LA Curacao the "Information Providers") is a business entity organized under the laws of the State of California authorized to do business under the laws of the State of California through its registered offices at 13623 Victory Boulevard, Van Nuys, California 91401.

15. Upon information and belief, Topaz is a "furnishers of information to consumer reporting agencies" as applied in 15 U.S.C. § 1681s-2. Upon information and belief, Topaz is a creditor who holds a debt that resulted from the theft of Plaintiff's identity as described below.

## ALLEGATIONS COMMON TO ALL CLAIMS

*Plaintiff's Identity Theft*

16. On or about September 13, 2010, Plaintiff discovered that she had been the victim of numerous instances of identity theft. Her credit reports compiled and reported to creditors by Defendant Credit Reporting Agencies contained numerous negative items associated with a "Ana Jimenez" or "Ana Delrocio Gamarra", thirty-eight (38) years old, of Florida. Plaintiff does not reside in Florida and has resided in Santa Clara County California for more than twenty (20) years.

17. Plaintiff has informed the Credit Reporting Agencies of the identity theft and requested that fraud alerts be placed in her credit reports.

18. On or about October 6, 2010, Plaintiff filed an identity theft police report, Report No. 10-1992, ("Identity Theft Report") with Officer Kimball Stanley of the Los Gatos / Monte Sereno Police Department. A copy of the Identity Theft Report is attached hereto as Exhibit A.

19. Thereafter, Plaintiff provided the CRA's with proof of her identity, a copy of the Identity Theft Report, identification of the fraudulent information, and a statement that the information does not relate to any transaction by Plaintiff.

20. On information and belief, the CRA's failed to provide notice to the Information Providers that the fraudulent information may be a result of identity theft; that an identity theft report has been filed; that a block has been requested

under this section; and of the effective dates of the block.

21. Alternatively, the CRA's provided notice to the Information Providers that the fraudulent information may be a result of identity theft; that an identity theft report has been filed; that a block has been requested under this section; and of the effective dates of the block. Thereafter, the Information Providers failed to conduct an investigation with respect to the disputed information; review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2); report the results of the investigation to the consumer reporting agency; if the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and in cases inaccurate, incomplete, or unverifiable information, promptly modify, delete, or permanently block the reporting of that item of information.

## FIRST CLAIM FOR RELIEF

### (Failure to Establish Proper Procedures – 15 U.S.C. § 1681e)

22. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

23. Defendants CRA's violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

24. As a result of this conduct, action and inaction of Defendants CRA's, Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

25. Defendants CRA's conduct, action, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling

Plaintiff to recover under 15 U.S.C. § 1681o.

26. Plaintiff is entitled to recover attorney's fees from Defendants CRA's in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF

**(Failure to Block Identity Theft Information – 15 U.S.C. § 1681c)**

27. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

28. Defendants CRA's violated 15 U.S.C. § 1681c on multiple occasions by failing to block information regarding the instances of identity theft contained in Plaintiff's credit reports after receiving actual notice of such information; proof of Plaintiff's identity; a copy of the Identity Theft Report; and a statement that the information does not relate to any transaction by Plaintiff.

29. As a result of this conduct, action and inaction of Defendants CRA's, Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

30. Defendants CRA's' conduct, action, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

31. Plaintiff is entitled to recover attorney's fees from Defendants CRA's in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## THIRD CLAIM FOR RELIEF

**(Failure to Notify Furnishers of Identity Theft Info. – 15 U.S.C. § 1681c-2)**

32. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

33. Defendants CRA's violated 15 U.S.C. § 1681c-2 on multiple occasions by failing to notify credit furnishers (1) that the information may be a result of identity theft; (2) that an identity theft report has been filed; (3) that a block has been requested under this section; and (4) of the effective dates of the block after receiving actual notice of such information; proof of Plaintiff's identity; a copy of the Identity Theft Report; and a statement that the information does not relate to any transaction by Plaintiff.

34. As a result of this conduct, action and inaction of Defendants CRA's, Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

35. Defendants CRA's' conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover attorney's fees from Defendants CRA's in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### FOURTH CLAIM FOR RELIEF
### (Failure to Reinvestigate – 15 U.S.C. § 1681i)

37. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

38. Defendants CRA's violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward relevant information to the Creditors; failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason

1 know is unreliable.

2 39. As a result of this conduct, action and inaction of Defendants CRA's, Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

40. Defendants CRA's' conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

41. Plaintiff is entitled to recover attorney's fees from Defendants CRA's in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## FIFTH CLAIM FOR RELIEF

**(Failure to Prevent Refurnishing Identity Theft Info. – 15 U.S.C. § 1681s-2)**

42. Plaintiff realleges and incorporates paragraphs 1 through 18 above as if fully set forth herein.

43. Defendants Information Providers violated 15 U.S.C. § 1681s-2 by failing to conduct an investigation with respect to the disputed information; review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2); report the results of the investigation to the consumer reporting agency; if the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and in cases inaccurate, incomplete, or unverifiable information, promptly modify, delete, or permanently block the reporting of that item of information, after being notified that they may have provided inaccurate information that may have resulted from identity theft.

44. Defendants Information Providers conduct, action, and inaction was

willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

45. Plaintiff is entitled to recover attorney's fees from Defendants Information Providers in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants, jointly and severely; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of this action.

DATED: May ___, 2011          CENTURY LAW GROUP LLP

                              By: _____
                              Edward O. Lear
                              Rizza Gonzales
                              Attorneys for Plaintiff
                              ANNA STOWE

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of this action.

DATED: May ___, 2011

CENTURY LAW GROUP LLP

By: _____
Edward O. Lear
Rizza Gonzales
Attorneys for Plaintiff
ANNA STOWE